UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ENOMA IGBINOVIA, ) | |
| ) | |
| Plaintiff, ) | 3: 10-cv-00525-HDM-RAM |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E.K. McDANIEL, *et al*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). The court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) "the violation of a right secured by the constitution and laws of the United States," and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S.

265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of the Complaint

In his three counts, plaintiff seeks relief from various Constitutional violations which allegedly occurred in connection with a disciplinary proceeding at Ely State Prison. Through that proceeding, plaintiff was charged and convicted of possession of contraband, *i.e.*, a cell phone. Plaintiff seeks to challenge evidence which was used to support his conviction and claims that he was convicted because he could provide no information to authorities regarding an internal prison investigation. He states that as a result of his conviction, he has been placed on HRP status, which results in him being placed in isolation and being deprived of all prison programs. He further states that he has been deprived of statutory time.

A claim challenging the procedural aspects of a prison disciplinary hearing is not cognizable under Section 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing, unless the prisoner can demonstrate that the result of the disciplinary hearing has been previously invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Balisok* to dismiss action in which a prisoner sought monetary relief based on allegations that prison officials relied on false information to find him ineligible for parole); *Gotcher v. Wood*, 122 F.3d 39 (9th Cir. 1997), *on remand from* 520 U.S. 1238 (1997) (holding that prisoner's claim for compensatory damages was not cognizable under section 1983).

In this case, plaintiff cannot show that the results of his prison disciplinary hearing have been

1 | invalidated. In fact, he states that an action challenging the outcome of the proceeding is now
2 | pending in the Seventh Judicial District Court. Thus, the present action is not currently cognizable
3 | under Section 1983.
4 |       **IT IS THEREFORE ORDERED** that this action is **DISMISSED without prejudice** to
5 | plaintiff filing a new civil rights action after he has met the requirements of *Edwards v. Balisok*.
6 | The clerk shall enter judgment accordingly and close this case.
7 |       DATED this 17th day of December, 2010.

                                         _____
                                         UNITED STATES DISTRICT JUDGE